JOSEPH McPHERSON, impleaded, etc.,

*v.*

JOHN H. GALE.

1. TENDER *of property sold—what is sufficient.* On the sale of a quantity of grain in the city of Chicago, where traffic in that article is carried on so largely, the court are inclined to *hold*, that an actual tender of "warehouse receipts" by the vendor, unless the purchaser should insist on seeing the grain, would be a good tender of the grain.

2. But a mere readiness on the part of the vendor to, deliver warehouse receipts, and in the absence of the purchaser, and without proof that he had control of the grain, would not be a tender.

3. DELIVERY *of ponderous articles—where no place of delivery is specified.* On a contract of sale of ponderous and bulky articles, such as five thousand bushels of oats, a mere offer to deliver, by transferring warehouse receipts for the same, is a sufficient performance on the part of the vendor, if not objected to by the purchaser.

APPEAL from the Superior Court of Chicago; the Hon. JOHN A. JAMESON, Judge, presiding.

This was an action of assumpsit brought in the court below, by John H. Gale against Joseph McPherson and Elias B. Stiles. The declaration contained two special counts upon a contract made about the 25th of February, 1865, for the sale by the plaintiff to the defendants, of five thousand bushels of No. 1 oats, at sixty-one and one-quarter cents per bushel, to be delivered at buyers' option on any day in March, 1865, that they might call for the same, to be paid for on delivery; with an averment of a tender of the oats on the 31st day of March, 1865; the breach alleged, was, that the defendants would not receive the oats and pay for them.

The common counts were added. The defendants pleaded the general issue.

The only question considered by the court, arises upon the first instruction given for the plaintiff, which will be found set forth in full in the opinion of the court.

The jury returned a verdict for the plaintiff for $1,000. A new trial was refused, and a judgment entered upon the verdict.

The defendant McPherson brings the cause to this court by appeal.

Messrs. Scates, Bates & Towslee, for the appellant.

Messrs. Miller, Van Arman & Lewis, for the appellee

Mr. Justice Breese delivered the opinion of the Court:

Various questions have been raised on this record, and argued elaborately, but to us, the whole case seems to turn upon the propriety of the first instruction given for the plaintiff.

That instruction is as follows:

" If the jury shall find from the evidence that, on or about the 24th day of February, 1865, the plaintiff agreed with the defendants to sell, and the defendants, by their agent, agreed to purchase of plaintiff 5,000 bushels of oats, to be delivered, at defendant's option, during the month of March following, and that defendant failed, during the whole of said month of March, to call for or demand said oats; and on the 31st day of said March, plaintiff, either personally, or by his agent, went to the office of defendants' agent, with warehouse receipts in his possession, for 5,000 bushels of oats, of the description contracted for, intending and prepared to deliver said receipts on said contract, and was prevented from so doing, by the absence of said agent from his office, such contract is a valid contract in law, and such facts are sufficient to excuse an actual tender, and entitles the plaintiff to recover."

By this instruction the jury were told that the mere readiness to deliver warehouse receipts, at the office of the vendee, and in his absence, was sufficient. As matter of proof, merely, we would be inclined to hold that the actual tender of such receipts, unless the vendee should insist at the time of the tender, upon seeing the grain, would be a good tender of the grain. But the mere readiness to deliver " warehouse receipts,"

24—40th Ill.

at the office of the vendee, in his absence, is not sufficient, without showing that the plaintiff really had the grain in store called for by the receipts. So far as this instruction goes, the receipts may have been issued by a bankrupt warehouseman, or the grain specified in them subject to heavy charges. The instruction was, therefore, too broad, and should have been qualified. It was error to give it without qualification.

It is argued by the appellee, that there was no necessity on his part to make any tender to entitle him to recover, yet it is an averment in his declaration that he did tender the oats, on the 31st day of March, and the breach is, appellant would not receive them. He proves the tender in the mode specified in the first instruction, and in no other way, and that being an insufficient tender, the averment in the declaration is not supported.

Much has been said about the kind of tender in such cases. We are inclined to *hold*, where traffic in grain is carried on so largely as it is in the city of Chicago, making it the most important grain market in the world, that an actual tender of "warehouse receipts," unless the purchaser should insist on seeing the grain, would be a good tender of the grain, but a mere readiness to deliver warehouse receipts, and in the absence of the purchaser, and without proof he had control of the grain, would not be a tender. A party selling 50,000 bushels of wheat, or other grain, in a large parcel, cannot be expected to employ all the wagons and drays in the city, on which to transport the grain to the residence of the purchaser for the purpose of a tender. That kind of business is not transacted in that way. The actual tender of warehouse receipts issued by a responsible party, would, if not objected to, be a performance of such a contract. We believe the rule to be, where no place is fixed upon for the delivery of ponderous and bulky articles, such as 5,000 bushels of oats, a mere offer to deliver, by transferring such warehouse receipts, is a sufficient performance, if not objected to, on the part of the vendor. We do not see how such business could be successfully conducted in any other mode.

We perceive no other error in the record than the one we have discussed; and, for this error, the judgment must be reversed and the cause remanded.

*Judgment reversed.*

Messrs. Scates, Bates & Towslee, for the appellant.

Messrs. Miller, Van Arman & Lewis, for the appellee.