Joseph McPherson, impleaded, etc., *et al.,*
*v.*
Rufus C. Hall.

1. Tender — *what insufficient as a tender — grain receipts.* In an action to recover damages for failure to receive and pay for a quantity of oats, sold by the plaintiff to defendant, proof of the attendance of the plaintiff at the time and place agreed upon for their delivery, but in the absence of the purchaser, for the purpose of tendering warehouse receipts for the oats, is not a sufficient tender, without the further proof, that such receipts were genuine, and that the grain was not subject to charges.

2. Same — *made to the purchaser personally — otherwise.* But a tender of the receipts to the defendant in person would have been good, if without objec-

tion, as the failure to object would impliedly admit, that the receipts honestly represented the property. But this inference cannot be drawn, in the absence of the purchaser.

3. INSTRUCTION — *to be reviewed — must be excepted to.* Where instructions asked by a party have been refused, unless excepted to, this court will not review them.

APPEAL from the Superior Court of Chicago.

Messrs. SCATES, BATES & TOWSLEE, for the appellant.

Mr. F. S. HOWE, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action brought to recover damages for failure to receive and pay for a quantity of oats sold by plaintiff to defendants. On the trial the court below gave for the plaintiff the following instruction:

" If the jury believe, from the evidence, that the defendants, through their agent, Stiles, on or about the 25th day of February, A. D. 1865, purchased of the plaintiff, through his agent, Parks, five thousand bushels of number one oats at 61½ cents per bushel, to be delivered at the office of defendant on any day during the month of March, following; and the defendants failed during the entire month of March to demand and call for said oats, and that on the 31st day of March, the plaintiff, by himself or his agent, went to the office of the agent, Stiles, with warehouse receipts for 5,000 bushels of oats, and then and there, either tendered, or was willing to tender, receipts for that amount, and that said agent, Stiles, was not there, and that plaintiff was only prevented from making such tender by reason of such absence, then the plaintiff is entitled to recover."

This instruction was erroneous. We decided at the April Term, 1866, in the case of *McPherson* v. *Gale* (40 Ill. 368), that the mere attendance of the plaintiff at the office of the defendants, in the absence of the latter, for the purpose of tendering warehouse receipts, was not a sufficient tender, without proof that the

warehouse receipts were genuine, and that the articles for which they called were not subject to charges. Unless the receipts which the plaintiff was ready to deliver really represented the quantity of grain they called for, and would have produced that grain without charge when transferred to the defendants, then the tender, even as a symbolical tender, was not good. A tender of the receipts to the defendants in person, would undoubtedly have been good, if not objected to by them, as the failure to object would be an implied admission that the receipts honestly represented the property. But, in the absence of the defendants, no such inference can be justly drawn. In regard to the warehouse charges, it may be remarked, that, if they are shown by the evidence to have existed, yet if they were so small that it would have been for the manifest interest of the plaintiff to pay them, the jury would be justified in presuming, if he had found the defendants or their agent at their office, he would have offered to pay them, or deduct them from the contract price of the oats.

It is suggested, that, even if the instruction was defective, no actual harm has accrued therefrom to the defendants, as it was proven that the warehouse receipts were genuine, and the oats actually in store. It is true, there was evidence on these points, but none on the question as to whether the oats were subject to charges. They may have been subject to charges which it would not have been for the interest of the plaintiff to pay in order to complete the transaction.

The instructions asked by the defendants and refused are not properly before us, as no exception was taken to them.

*Judgment reversed.*